**WALT DISNEY WORLD COMPANY, a Delaware corporation, and Walt Disney Productions, a California corporation, Plaintiffs,**

v.

**DISNEY AREA ACREAGE, INC., a Florida corporation, and Samuel L. Rose, Defendants.**

Civ. No. 69–513.

United States District Court, S. D. Florida.

May 21, 1970.

Helliwell, Melrose & DeWolf, Miami, Fla., for plaintiffs.

Herman T. Isis, Coral Gables, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND DECREE

MEHRTENS, District Judge.

This action was brought by Walt Disney World Company and Walt Disney Productions, against Disney Area Acreage, Inc., Samuel L. Rose, Max Krauss and Irwin Krauss, for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq., and unfair competition. The defendants Max Krauss and Irwin Krauss were not served, and have not appeared in the action or filed answers or other pleadings. On plaintiff's motion they have been dismissed from the action. The corporate defendant and Samuel L. Rose have filed a joint answer to the complaint, admitting that the corporate defendant is a Florida corporation with its principal place of business in Dade County, Florida, and that defendant Samuel L. Rose is the President and a Director of the corporate defendant. The answer denies all other allegations of the complaint although asserting a lack of knowledge as to the allegations contained in paragraphs 4, 5, 7, 8 and 9 thereof, which in the aggregate allege trademark rights, and secondary meaning and distinctiveness of the name "DISNEY" in identification of the plaintiffs.

The case came on for hearing on Motions for Summary Judgment made by the defendants, and by the plaintiffs. The parties have entered into a Pre-Trial Stipulation and filed Memoranda of Law in support of their respective positions.

The pleadings, exhibits, deposition on file and the Pre-Trial Stipulation of the parties show and the Court finds that there is no genuine issue as to any material fact. The Court having examined the foregoing and having considered the Memoranda of Law presented by the respective parties, makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, Walt Disney World Company (hereinafter Walt Disney World) is a Delaware corporation authorized to do business in Florida, with its principal place of business in Orange County, Florida, and is a wholly owned subsidiary of Plaintiff, Walt Disney Productions.

2. Plaintiff, Walt Disney Productions (hereinafter Productions) is a California corporation with its principal place of business in Anaheim, Orange County, California.

3. The defendant Disney Area Acreage, Inc. is a Florida corporation with its principal place of business in Dade County, Florida. The defendant Samuel L. Rose is a citizen of the State of Florida, resides in Dade County, Florida, and is President, and a Director and Stockholder of the corporate defendant.

4. Since 1938 the plaintiff, Productions, has been continuously engaged in the production of motion picture films and in causing them to be advertised, distributed and exhibited throughout the United States, including the State of Florida, and virtually all foreign countries.

5. The plaintiff Walt Disney Productions was incorporated more than thirty years ago and since then has acquired a favorable reputation in the entertainment field and in the business world throughout the United States and other countries. The association of any project with the name "DISNEY" identifies the project with the plaintiff Productions and the reputation of Walt Disney Productions, and is a valuable asset which identifies its products and services in the mind of the public with the plaintiff Productions.

6. The association of the name "DISNEY" with the business enterprises, goods, services and activities of the plaintiffs is so widely accepted in the mind of the general public and identified with the enterprises, goods, services

and activities of plaintiff Productions, that said name has become and is distinctive of the business enterprises, goods, services and activities of plaintiff Productions and of those of its subsidiary and related companies and has acquired and now has a secondary meaning and distinctiveness throughout the United States signifying the business enterprises, goods, services and activities of plaintiff Productions, and its subsidiary and related companies, and no other.

7. Plaintiff Productions, on or about February 15, 1966 publicly announced its intention to develop and construct on the site of property acquired in Orange and Osceola Counties in Florida, consisting of 27,000 acres of land, the Walt Disney World project as a large tourist attraction and commercial development.

8. The plaintiff Walt Disney World was organized and incorporated as a wholly owned subsidiary of Productions specifically for the purpose of developing and operating said tourist attraction and commercial development.

9. The plaintiff Productions is the owner of trademarks and service marks duly registered as such in the United States Patent Office under the provisions of the Trademark Act of 1946 (Title 15 U.S.C., Sections 1051–1127) which marks contain the name "DISNEY" as their central identifying ingredient in such forms as:

(a) WALT DISNEY PRESENTS, a trademark for a series of motion picture films in Class 38, predicated on a first use in commerce prior to the year 1935;

(b) DISNEYLAND, a service mark for a television show presented as an Entertainment and Educational Service, Class 107, predicated on a first use in commerce on October 27, 1954; and

(c) DISNEYLAND, a service mark for the operation of an Amusement and Educational Park, in Class 107, predicated on a first use in commerce on July 17, 1955.

Said registrations are in full force and effect, unrevoked and uncanceled.

10. Productions has continuously used said federally registered service marks, and Productions or its related and subsidiary companies have continuously used the name and mark "DISNEY" (or marks or names including said name as a central ingredient) throughout the United States, including the State of Florida, in connection with its or their motion picture films, weekly television shows, phonograph records, and amusement and entertainment as offered at Disneyland in California, and in publicizing the tourist attraction and commercial development to be known as Walt Disney World, and in various and sundry endeavors.

11. The defendant, Disney Area Acreage, Inc., is in the real estate business acting as a broker for the sale of large tracts of land in Brevard County, Florida. It expects to act as broker for the sale of, or to acquire, lands in Orange and Osceola Counties, Florida, but up to the date of hearing herein had not acquired, and was not a broker for, the sale of any lands in either of said counties.

12. The defendant, Disney Area Acreage, Inc., has a business sign at its place of business which reads "Disney Area Acreage, Inc." and prints stationery with said name imprinted thereon, and has a listing in the City of Miami telephone directory under the name "Disney Area Acreage, Inc." The defendants have not used the name in advertising or in publicly distributed literature or brochures.

13. Defendant, Samuel L. Rose, is responsible for the formation and naming of the defendant Disney Area Acreage, Inc. and personally directs and controls the acts of the corporate defendant.

14. The sole purpose of the defendants in selecting the name, Disney Area Acreage, Inc., and in obtaining from the Secretary of State of Florida its corporate charter in that name was to trade upon and derive benefit from the wide reputation and goodwill of the plaintiffs.

15. Defendants' use of the name and mark DISNEY is likely to cause confusion, mistake or deception in that it is likely to cause prospective or actual purchasers of property from or through defendants to assume that defendants are in some way connected or associated with plaintiffs, irrespective of whether or not there is competitive activity between the plaintiffs and the defendants.

16. The defendants' use of the name "Disney Area Acreage, Inc." is likely to cause confusion, mistake or deception in the mind of the public with names consisting of or including the name "DISNEY" as used by the plaintiffs.

17. Defendants' use of the name and mark "DISNEY" has been and is willful and without the plaintiffs' permission or consent and in spite of and over the objections of the plaintiffs.

18. There is not a geographical area in Florida known as "Disney Area" and the defendants cannot justify their use of that expression on the grounds that it is the name or designation of a geographical area.

## CONCLUSIONS OF LAW

1. This court has jurisdiction under 15 U.S.C. Section 1121 and under 28 U. S.C. Section 1338 (b) as amended June 25, 1948.

2. Defendants' name, "Disney Area Acreage, Inc.", is a colorable imitation of plaintiffs' names and marks and is a willful infringement of the rights of plaintiff, Productions, under the laws of the United States (15 U.S.C. Sections 1051–1127), and the rights of the plaintiff under common law.

3. The defendants cannot justify their use of "Disney Area" on the basis that it is the name or designation of a geographical area.

4. Defendants' use of the name "Disney Area Acreage, Inc." constitutes unfair competition.

5. Plaintiffs are entitled to a Summary Judgment against defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

6. Defendants are not entitled to a Summary Judgment in their favor.

WHEREFORE, it is ordered, adjudged and decreed that:

1. The corporate defendant and the defendant Samuel L. Rose, both jointly and severally, and the officers, agents, servants, employees, and attorneys, and all other holding by, through or under either of said defendants, or in active concert or participation with either defendant, shall be and hereby are enjoined and restrained from:

(a) using the name or mark "DISNEY" or any colorable imitation of plaintiffs' name or mark "DISNEY", on or in connection with the advertising, sale or rental of property or as part of the name of any corporation or business, or in any manner whatsoever, and from

(b) doing any act or thing calculated to, or likely to, induce the belief that defendants' business, their goods or services, are in any way connected with plaintiffs' business, their goods or services.

2. Defendant Samuel L. Rose and the officers and attorneys of the corporate defendant shall, within ten (10) days from the entry of this Decree, effectuate a dissolution of, or change of name in, the corporate title of the corporate defendant so as to delete therefrom the name "DISNEY", and the corporate defendant and the defendant Samuel L. Rose shall destroy any prints, signs, letterheads, decalmania, and any and all other advertising, promotional or business materials bearing the name of "DISNEY" and report such destruction to this Court within ten (10) days from the date hereof.

3. Defendant Samuel L. Rose and the officers and attorneys of the corporate defendant shall, within ten (10) days from the entry of this Decree, obliterate any and all signs located at the corporate defendant's place of business or elsewhere which contain the name and mark "DISNEY".

4. In the absence of any sales by the corporate defendant, an accounting of

profits and damages will not be awarded to plaintiffs, but the corporate defendant and the defendant Samuel L. Rose, jointly and severally, shall reimburse plaintiffs for reasonable attorneys' fees in the amount of One Thousand Five Hundred Dollars necessarily incurred by plaintiffs as a result of willful infringement of plaintiffs' rights and unfair competition, the reasonableness of said attorneys' fees having been established in the Pre-Trial Stipulation.

5. The corporate defendant and the defendant Samuel L. Rose, both jointly and severally, shall pay to plaintiffs the taxable costs incurred herein.

6. The motion of the defendants for a Summary Judgment is denied.